UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM FEARS,                                   Case No. 1:16-cv-422
    Plaintiff,

                                  Dlott, J.
    vs.                                          Litkovitz, M.J.

BRIAN EDENS, et al.,                             **REPORT AND**
    Defendant.                                   **RECOMMENDATION**


        Plaintiff, an inmate at the London Correctional Institution, brings this civil rights action

under 42 U.S.C. § 1983 against Reading, Ohio police officers Brian Edens, Doug Ferrell, Paul

Gallo, Jennifer Setters, Todd Owens, Joseph Fryman, Ben Moreland, and Brandon Gehring.

(*See* Doc. 1-1, Complaint at PageID 11). By separate Order, plaintiff has been granted leave to

proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a

*sua sponte* review of the complaint to determine whether the complaint, or any portion of it,

should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief

may be granted or seeks monetary relief from a defendant who is immune from such relief.

*See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. §

1915A(b).

        In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant

whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton*

*v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).

To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in*

*forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see*

*also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as

frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

2

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff claims that on or about July 21, 2011, "the named defendants caused the unlawful arrest & false imprisonment of the Plaintiff, based on perjury, misrepresentation, and perjured testimony of falsehood that deprived the Plaintiff of due process, in violation of Section 16, Article I of the Ohio Const. and the 14th Amend. To the U.S. Constitution." (Doc. 1-1, Complaint at PageID 12).  Attached to the complaint, plaintiff includes a memorandum in support with exhibits.  Therein, plaintiff raises additional claims pertaining to his arrest, conviction, and sentence in Hamilton County, Ohio case number B-1104238 on four counts of disrupting public service, including contributory negligence, negligent and intentional misrepresentation, and malicious prosecution. (*See id.* at PageID 17, 20, 39).

Plaintiff seeks the following relief:

1. Grant contributory negligence suit for $10 million res ipsa loquitur; and declare plaintiff is unlawfully imprisoned and restrained of his liberty intentionally and unlawfully.

2. Charge the defendants criminally for violation of my civil rights.

      3. Expunge arrest & conviction record.

(*Id.* at PageID 13).

      Plaintiff's complaint is subject to dismissal. First, plaintiff's unlawful arrest and false imprisonment claims are time barred. Plaintiff's civil rights complaint is governed by Ohio's two-year statute of limitations applicable to personal injury claims. *See, e.g., Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding that the "appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual"); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007) (and Supreme Court cases cited therein) (holding that the statute of limitations governing § 1983 actions "is that which the State provides for personal-injury torts"); *Zundel v. Holder,* 687 F.3d 271, 281 (6th Cir. 2012) ("the settled practice . . . to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so" is applicable "to § 1983 actions and to *Bivens* actions because neither the Federal Constitution nor the § 1983 statute provides timeliness rules governing implied damages") (internal citation and quotation marks omitted). Although the statute of limitations is an affirmative defense, when it appears clear on initial screening of the complaint that the action is time-barred, the complaint may be dismissed for failure to state a claim upon which relief may be granted. *See Jones v. Bock,* 549 U.S. 199, 215 (2007). *Cf. Fraley v. Ohio Gallia Cnty.*, No. 97-3564, 1998 WL 789385, at *1-2 (6th Cir. Oct. 30, 1998) (holding that the district court "properly dismissed" the *pro se* plaintiff's § 1983 civil rights claims under 28 U.S.C. § 1915(e)(2)(B) because the complaint was filed years after Ohio's two-year statute of limitations had expired); *Anson v. Corr. Corp. Of America,* No. 4:12cv357, 2012 WL 2862882,

4

at *2-3 (N.D. Ohio July 11, 2012) (in *sua sponte* dismissing complaint under 28 U.S.C. §

1915(e), the court reasoned in part that the plaintiff's *Bivens* claims asserted "six years after the

events upon which they are based occurred" were time-barred under Ohio's two-year statute of

limitations for bodily injury), *aff'd*, 529 F. App'x 558 (6th Cir. 2013).

Here, it is clear from the face of the complaint that plaintiff's claims regarding his July

21, 2011 arrest and alleged false imprisonment are time-barred. *See Wallace*, 549 U.S. at 389–

90 (holding that the limitations period with respect to a false imprisonment or false arrest claim

brought under 28 U.S.C. § 1983 begins upon the initiation of legal process, such as when the

individual is bound over for trial or arraigned on charges). In this case, plaintiff was arrested and

charged on July 21, 2011 and arraigned the following day.[1] Plaintiff did not file the instant case

until March 25, 2016, long after the two year limitations period expired. Therefore, plaintiff's

illegal arrest and false imprisonment claims are subject to dismissal at the screening stage on

statute of limitations grounds.

Second, plaintiff's claims challenging the validity of his conviction and sentence in the

Hamilton County Court of Common Pleas should also be dismissed. To the extent plaintiff seeks

relief in the form of an immediate or speedier release from imprisonment, his sole federal

remedy is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 after he has

exhausted his state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Hadley v.

Werner*, 753 F.2d 514 (6th Cir. 1985).

Furthermore, to the extent that plaintiff seeks money damages on the basis of an allegedly

unconstitutional conviction or sentence, his claims are barred from review by *Heck v. Humphrey*,

---

[1] The online docket for plaintiff's case was found at www.courtclerk.org/case.asp under case number B-1104238.

5

512 U.S. 477, 487 (1994). *See also Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir.

2005); *Schilling v. White,* 58 F.3d 1081, 1085-86 (6th Cir. 1995); *cf. Edwards v. Balisok,* 520

U.S. 641, 643 (1997).[2]

In *Heck*, the Supreme Court held that a § 1983 civil rights action seeking monetary relief

on the basis of an allegedly unconstitutional convictions or sentence will not lie unless the

plaintiff has already succeeded in having the conviction or sentence invalidated. *Heck*, 512 U.S.

at 486-87. Under *Heck*, when a successful § 1983 civil rights action for damages would

necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be

dismissed unless the plaintiff demonstrates that the decision resulting in his confinement has

been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

authorized to make such a determination, or called into question by a federal court's issuance of

a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *see also Edwards*,

520 U.S. at 643. Here, it is clear that plaintiff's convictions and sentences still stand and have

not been overturned or invalidated in accordance with *Heck*. Therefore, the complaint is subject

to dismissal at the screening stage. *Cf. Henry v. Allen,* No. 1:13cv701, 2013 WL 9839229, at *6

(S.D. Ohio Dec. 20, 2013) (Bowman, M.J.) (Report & Recommendation) (recommending

screening dismissal of § 1983 civil rights action seeking money damages on the basis of an

allegedly unconstitutional conviction or sentence), *adopted*, 2014 WL 5475275 (S.D. Ohio Oct.

29, 2014) (Spiegel, J.).

---

[2] It is noted that because plaintiff's convictions have not been invalidated, plaintiff is also unable to argue that his allegations give rise to a claim of malicious prosecution under 42 U.S.C. § 1983. As the Supreme Court pointed out in *Heck*, 512 U.S. at 484, "[o]ne element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." *See also Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010) ("To succeed on a malicious-prosecution claim under § 1983 when the claim is premised on a violation of the Fourth Amendment, a plaintiff must prove [that] . . . the criminal proceeding [was] resolved in the plaintiff's favor."); *Fisher v. Secoy*, No. 2:12cv734, 2013 WL 5297216, at *3 (S.D. Ohio Sept. 19, 2013) (quoting same language in *Sykes*, 625 F.3d at 308-09).

6

Finally, insofar as plaintiff is alleging claims under Ohio law, the Court should decline to exercise supplemental jurisdiction over those claims. *Harper v. AutoAlliance Int'l, Inc.,* 392 F.3d 195, 210 (6th Cir. 2004) (although the exercise of supplemental jurisdiction under 28 U.S.C. § 1367 is a matter of discretion, when a court dismisses all federal claims before trial, it generally should dismiss the state law claims as well).

Accordingly, in sum, the complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because plaintiff has failed to state a claim upon which relief may be granted.

### IT IS THEREFORE RECOMMENDED THAT:

1. The plaintiff's complaint (Doc. 1) be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis. See McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997).

Date: 4/20/16

Karen L. Litkovitz
United States Magistrate Judge

7

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

WILLIAM FEARS,
     Plaintiff,

    vs.

BRIAN EDENS, et al.,
     Defendant.

Case No. 1:16-cv-422

Dlott, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).